# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mamadou B., | Case No. 26-cv-01221 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| David Easterwood, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Kristi Noem, *Secretary of the U.S. Department of Homeland Security*; and Pamela Bondi, *Attorney General of the United States, in their official capacities*, | |
| Respondents. | |

This matter is before the Court on Petitioner Mamadou B.'s[1] Petition for a Writ of Habeas Corpus, filed on February 8, 2026 (Dkt. 1) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 3) ("TRO Motion"). According to the Petition, Petitioner is a citizen of Guinea who has resided in the United States since December 2023. (Dkt. 1 ¶ 14.) On February 8, 2026, he was detained by Immigration and Customs Enforcement ("ICE"), has been in ICE custody since that date, and, according to Petitioner, detained at a Federal building in Fort Snelling, Minnesota. (*Id.* ¶¶ 1, 10, 17, 18.) Petitioner argues that he is subject only to discretionary detention under

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders and report and recommendation in immigration matters.

8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and that he must be therefore released or in the alternative, be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) and that once bond is set, that the Department of Homeland Security be prohibited from filing Form EOIR-43 staying the bond. (*Id.* at 11-12.)[2] The TRO Motion asserts that Petitioner was unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2), when he was apprehended and arrested by federal agents, without a warrant, on February 8, 2026, and should be released, or in the alternative, asks that this Court prevent his transfer while the instant Petition is pending. (Dkt. 3 at 1-2, 7.)

On February 8, 2026, U.S. District Judge Michael J. Davis issued an Order requiring Respondents to file their answer no later than February 10, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Dkt. 5 at 1 ¶ 2.) In addition, Judge Davis required that Respondents' answer include "affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention" and "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.* at 1-2 ¶ 3(a), (d).) Judge Davis also found that "habeas jurisdiction attached at the time of Petitioner's apprehension in this District" and that "jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another

---

[2]   Page number citations in this Report and Recommendation are to the page number assigned by CM/ECF.

state."[3]  (*Id.* at 2-3 ¶ 5(a)-(b).)  In turn, Judge Davis enjoined Respondents "from removing Petitioner from the District of Minnesota" until a final decision has been made on the Petition and ordered Respondents "to **immediately** return Petitioner to Minnesota" if he has already been removed from Minnesota.  (*Id.* at 3 ¶¶ 6-7.)

On February 10, 2026, Respondents filed a Response (Dkt. 8), and on February 12, 2026, Petitioner filed a Reply (Dkt. 9).  The case is now ripe for decision.

## I.   FACTS

Petitioner alleges, and Respondents do not dispute, that he is a citizen of Guinea, that he entered the United States without inspection, and that he has resided in the United States for more than two years.  (Dkt. 1 ¶ 14.)

A December 7, 2023 a Notice to Appear was issued by the Department of Homeland Security ("the Notice") to Petitioner in Tucson, Arizona.  (Dkt. 1-2 at 1.)  The Notice states that Petitioner entered the United States on at or near Lukeville, Arizona, on or about December 4, 2023, and that he was "not then admitted or paroled after inspection by an Immigration Officer."  (*Id.*)  Noticeably, the Issuing Officer did not

---

[3]  Respondents do not directly dispute the Court's jurisdiction over the Petition, especially given that it appears that Petitioner has been detained in Minnesota during the relevant period.  Moreover, "the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies." *Juan A. v. Bondi*, No. 26-CV-0415 (SRN/EMB), 2026 WL 161364, at *2 n.2 (D. Minn. Jan. 21, 2026) (citing *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025)).  Further, the Court finds that requiring administrative exhaustion of the claims in the Petititon would be futile in light of Respondents' consistent position taken with respect the arguments set forth in *Avila, see infra* Part III.

check the box on the form that states "You are an arriving alien." (*Id.*) The Notice also states:

> On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
>
> 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

(*Id.*) Petitioner was ordered to appear before an immigration judge in Minnesota on November 5, 2024. (*Id.*) On March 6, 2024, Petitioner filed an asylum application with the immigration court, which remains pending, and he is not currently scheduled for any immigration hearings. (Dkt. 1 ¶ 16.) Again, Petitioner was arrested by ICE on February 8, 2026, in Minnesota. (Dkt. 1 ¶ 17.)

Respondents have provided no additional evidence or facts about the circumstances or reason for Petitioner's detention, other than to assert that an examining immigration officer has determined that Petitioner is "not clearly and without a doubt entitled to be admitted" and is therefore "is ineligible for release or bond." (Dkt. 8 at 1.) Respondents do not represent that a warrant preceded Petitioner's arrest and in fact do not respond at all to Judge Davis's order to inform the Court whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. (*See id.*) Respondents do assert in their response that Petitioner is currently detained at the Kandiyohi County Jail, which is located in Minnesota. (*See id.* at 1.)

4

## II. LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention." *Diego L., v. Bondi, et al.*, No. 26-CV-382 (JMB/DJF), 2026 WL 145206, at *2 (D. Minn. Jan. 20, 2026) (citation modified). Petitioner has the burden of proving his entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). As U.S. Magistrate Judge John F. Docherty recently explained in a similar case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

*Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1-2 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom.*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

## III. ANALYSIS

As stated above, Petitioner seeks immediate release, or in the alternative, that he be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). (Dkt. 1 at 1, 11-12.)

The Response makes the following argument for denial of the Petition:

> This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth

5

>Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and the Fifth Circuit recently agreed with the government's position in *Buenrostro-Mendez v. Bondi*, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Rather than belabor these proceedings by rearguing points the Court has considered and rejected, Federal Respondents assert all arguments raised by the government in *Avila* and endorsed by *Buenorostro-Mendez* and respectfully request that the Court preserve those arguments for any appeal in this case. *Cf. Mauro Johnny P.P. v. Lyons*, Case No. 26-cv-204 (LMP/DJF), Order, ECF No. 5 at 2 n.1 (calling abbreviated response "a model example" in the circumstances, as it "preserves the Government's arguments for appeal while avoiding the effort of filing the same recycled template that this Court has already rejected").

(Dkt. 8 at 1-2.) Respondents did not make any specific arguments to support their request for denial. (*Id.*)

The crux of the issue here is whether Petitioner, who has lived in the United States for over 2 years, should be treated as an "applicant[] for admission" under § 1225, subjecting him to mandatory detention, or as "an alien" who was "arrested and detained pending a decision on whether the alien is to be removed from the United States" under § 1226, and therefore entitled to a bond hearing before an immigration judge.

The Court agrees with the numerous thoughtful and persuasive decisions addressing this issue in this District and nationwide which overwhelmingly support granting the Petition. *See Mahamed C.A.*, 2025 WL 3771299, at *2-3 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely

to the government."). As another judge in this District recently explained: "Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Martin R. v. Noem*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026). The Court sees no reason to depart from this well-reasoned consensus, and adopts the statutory analysis set forth in *Martin R.* and the myriad other cases rejecting Respondents' position.

The Court acknowledges and has carefully reviewed, but is not persuaded by the Fifth Circuit's recent decision, relied upon by Respondents, in *Buenrostro-Mendez v. Bondi*, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In contrast to that decision, which not binding on this Court, the Court reads 8 U.S.C. § 1225(b)(2) to apply only to persons who are "presently seeking admission at the time of their detention." *See Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) ("To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'" (quoting *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929)); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-61 (7th Cir. 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. For their part, Plaintiffs highlight a host of cases where courts have held that ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b). Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record.") (citation

7

modified); *Edwin C. R., v. Bondi*, No. 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (distinguishing the minority line of cases). Further, as argued by Petitioner in his Reply (Dkt. 9 at 7), Respondents' own Notice to Appear charges him as "an alien present in the United States who has not been admitted or paroled" and not as "an arriving alien," further reinforcing that Petitioner was not seeking admission at the time of his detention for the purposes of § 1225(b)(2). *See Beltran*, 2025 WL 3719856, at *3-4 (citing *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *3 (D. Minn. Nov. 4, 2025)).

Having concluded that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), the Court next considers the appropriate remedy. Again, Respondents do not address this argument despite being directed to do so. (*See* Dkt. 5 at 1-2 ¶ 3(a), (d); Dkt. 8.) The Court agrees with the numerous cases in this District that have held that an arrest warrant is a prerequisite for detention under 8 U.S.C. § 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases) (noting that issuance of a warrant is a necessary condition to justify detention under § 1226(a)); *Joaquin Q. L., v. Bondi*, No. 26-CV-233 (LMP/DTS), 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (same); *Edwin C. R.*, 2026 WL 185068, at *2 (same); *see also* 8 U.S.C. § 1226(a) ("**On a warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) ("Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for

the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'").

Respondents have not attempted to satisfy the warrant requirement of § 1226(a), even after being ordered to do so by the Court. (Dkt. 5 at 1-2 ¶ 3(a), (d).) "Accordingly, immediate release is the appropriate remedy." *Pedro L., v. Todd Lyons, et al.*, No. 26-CV-00707 (MJD/ECW), 2026 WL 295386, at *4 (D. Minn. Feb. 1, 2026) *R. & R. adopted*, 2026 WL 303268 (D. Minn. Feb. 4, 2026); *see also Marlon S.T.L., P, v. Pamela Bondi, et al.*, No. 26-665 (DWF/LIB), 2026 WL 251975, at *2 (D. Minn. Jan. 30, 2026) ("A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment.") (citing 8 U.S.C. § 1226(a)); *see also Adriano L.V. v. Noem*, No. 26-CV-269 (MJD/DJF), 2026 WL 184570, at *3 (D. Minn. Jan. 18, 2026) ("The warrant requirement should not come as a surprise to Respondents, since it is plainly in the text of Section 1226(a), and it has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District."), *R. & R. adopted*, No. 26-269 (MJD/DJF), 2026 WL 194401 (D. Minn. Jan. 23, 2026)); *Edwin C. R.*, 2026 WL 185068, at *2 (ordering immediate release where respondents failed to identify a valid statutory basis for detention including by failing to satisfy the warrant requirement of § 1226(a)); *Alberto C.M. v. Noem*, No. CV 26-380 (DWF/SGE), -- F. Supp. 3d ----, 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) ("The proper remedy for this kind of violation is release from custody, not a bond hearing."); *Ahmed M.*, 2026 WL 25627, at *3 (collecting cases). Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to immediately release Petitioner

9

and that the TRO Motion be denied as moot based on the relief recommended by this Court as to the Petititon.

The Court sets an expedited deadline for objections to this Report and Recommendation. *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added). Any objections to this Report and Recommendation are due **on February 15, 2026**. Responses to objections are due **on February 17, 2026**.

## IV. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Mamadou B.'s Petition for a Writ of Habeas Corpus (Dkt. 1) be **GRANTED** insofar as:

   a. Petitioner's current detention be declared unlawful under the Constitution and laws of the United States;

   b. Respondents be ordered to immediately release Petitioner from custody in Minnesota and, in any case no later than 11:00 a.m. Central Time on the day following an Order adopting this Report and Recommendation;

   c. Respondents be ordered to coordinate Petitioner's release with Petitioner's counsel;

   d. Respondents be ordered to release Petitioner with all personal documents and belongings, such as his driver's license, employment authorization, passport, other immigration documents, cell phone, and

      coat and other outerwear, and without any conditions of release, such as ankle monitors or tracking devices, where Respondents' inability to immediately comply with this requirement shall not be a basis for delaying Petitioner's release; and

    e. The Government be required within 72 hours after issuance of an Order adopting this Report and Recommendation to provide the Court with a status update confirming Petitioner's release and other compliance with the Order.

2. Petitioner Mamadou B.'s Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 3) be **DENIED as moot** given that the Court has recommended that Petitioner be released.

Dated: February 13, 2026

                                              s/ *Elizabeth Cowan Wright*
                                              Elizabeth Cowan Wright
                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before February 15, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before February 17, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).